IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES D. COMBE, individually and on behalf of a class of similarly situated persons, | Case No. 16-12857 |
| Plaintiff, | |
| v. | |
| GOODMAN FROST, PLLC, ROBERT J. GOODMAN, TIMOTHY J. FROST, and CORPORATE DOE-1, | Trial by Jury Demanded |
| Defendants. | Class Action |

# COMPLAINT

## INTRODUCTION

1. Plaintiff Charles D. Combe, ("Plaintiff"), brings this action individually and on behalf of a class of similarly situated persons, against Defendant Goodman Frost PLLC, Robert J. Goodman ("Goodman"), Timothy J. Frost ("Frost"), (collectively "Goodman Frost"), and Corporate Doe-1, (collectively "Defendants"), for violating the Fair Debt Collection Practices Act ("FDCPA") and the Michigan Collection Practices Act ("MCPA").

2. Defendants violated the FDCPA and MCPA by attempting to collect a debt that was discharged in Plaintiff's Chapter 7 Bankruptcy, *In re Charles D. Combe*, 10-76816-swr (E.D. Mich. Bnkr.), and Goodman Frost violated the Acts

by falsely and deceptively sending a form collection letter that made it appear that meaningful attorney involvement in the drafting of the letter, (Exhibit A), when in fact no actual meaningful attorney involvement existed.

3. Goodman Frost PLLC and Frost have been previously sued for attempting to collect a debt that was discharged in bankruptcy. *Carpenter v. Monroe Fin. Recovery Group, LLC*, 119 F. Supp. 3d 623 (E.D. Mich. 2015) (Lawson, J).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k(d) (FDCPA), 28 U.S.C. § 1367(a) (supplemental jurisdiction).

5. Venue and personal jurisdiction over Defendants in this District is proper because:

> a. Plaintiff resides in the District;
>
> b. Goodman Frost maintain and work out of an office at 20300 W. 12 Mile Road, Suite 201, Southfield, Michigan; and
>
> c. Defendants' conduct at issue was directed to Plaintiff who was within the District.

## PARTIES

6. Plaintiff is a natural person who resides within the District.

7. Goodman Frost, PLLC, is a law firm.

8. Goodman Frost, PLLC, holds itself out to the public as having developed a comprehensive, systematic approach to collections that has an established rate of successful recoveries giving every account the individual attention it requires by utilizing an established collection process followed by ultimately holding the debtor legally accountable, to provide unsurpassed results.

9. Goodman Frost, PLLC, represents creditors against consumers in state court litigation in the State of Michigan.

10. Robert J. Goodman is an attorney and the managing partner at Goodman Frost.

11. Timothy J. Frost is an attorney at Goodman Frost.

12. Each Defendant is a "debt collector" under the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291 (1995); *Carpenter v. Monroe Fin. Recovery Group, LLC*, 119 F. Supp. 3d 623, 630 (E.D. Mich. 2015); *see also Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 461 (6th Cir. 2013); *see also Kistner v. Law Office of Michael P. Margelefsky, LLC,* 518 F.3d 433, 438 (6th Cir. 2008).

13. MCL 445.251(g)(xi) includes within the definition of "regulated person" an "attorney handling claims and collection on behalf of a client and in the attorney's own name."

14. Defendants Goodman Frost are each a "regulated person" under the MCPA. *Carpenter v. Monroe Fin. Recovery Group, LLC*, 119 F. Supp. 3d 623, 630 (E.D. Mich. 2015); *see Misleh v. Timothy E. Baxter & Assocs.*, 786 F. Supp. 2d 1330, 1338 (E.D. Mich. 2011).

15. Plaintiff does not know who Corporate Doe-1 is, but it is the owner of the subject debt that was in default at the time of Goodman Frost's collection attempt, and subject to, at a minimum, the FDCPA.

**FACTS**

16. On or around October 2010, Plaintiff terminated a lease used for his personal residence with Glen Cove Apartments, 23871 Fullerton Apt 28A, Detroit, Michigan 48223, (the "subject debt"), due to personal reasons.

17. Upon information and belief Glen Cove Apartments is owned by Kaftan Enterprises, a Michigan Corporation, and the subject debt is no longer owned by these entities.

18. Sometime after Plaintiff terminating the lease, Glen Cove Apartments brought suit against Plaintiff in the 36th District Court, Case No. 10-328255 presumably for rent and damages to the apartment.

19. Upon information and belief, Glen Cove Apartments obtained a Judgment in the amount of approximately $7,639.00.

20. On December 8, 2010, Plaintiff filed for Chapter 7 Bankruptcy. *In re Charles D. Combe*, 10-76816-swr (E.D. Mich. Bnkr.).

21. Plaintiff listed on Schedule F – Creditors Holding Unsecured NonPriority Claims, a debt owed to Glen Cove Apartments, care of their attorney Allan Rein at 30400 Telegraph Road, Ste. 373, Bingham Farms, MI 48025 for a lawsuit involving a prior landlord for possession and rent for 23871 Fullterton Apt 28A, Detroit, Michigan 48223 in the amount of $1,372.00. *In re Charles D. Combe*, 10-76816-swr, Doc. 3 (E.D. Mich. Bnkr.)

22. On January 20, 2011, Plaintiff filed an Amended Schedule F – Creditors Holding Unsecured Non-Priority Claims adding a debt owed to All State Credit Bureau Inc., (a debt collector that attempted to collect the subject debt), of 19315 W. 10 Mile Rd Southfield, Michigan 48075 for Kaftan Enterprises/Glen Cove in the amount of $7,639.00.

23. On March 21, 2011, Plaintiff received a Bankruptcy Discharge, and the Order was entered on March 25, 2011. *In re Charles D. Combe*, 10-76816-swr, Doc. 26 (E.D. Mich. Bnkr.)

24. Bankruptcy filings are a matter of public record.

25. Goodman Frost sent Plaintiff a letter, dated April 20, 2016, a copy of which is attached here as Exhibit A, (the "subject letter").

26. The subject letter towards the upper left corner states "ROBERT J. GOODMAN (P55670)" and "TIMOTHY J. FROST (P40616)".

27. No other attorney's names are listed on the subject letter.

28. "(P55670)" is a number issued by the State Bar of Michigan and is used by Goodman in state court litigation to indicate his involvement in state court litigation.

29. "(P40616)" is a number issued by the State Bar of Michigan and is used by Frost in state court litigation to indicate his involvement in state court litigation.

30. Goodman Frost, PLLC's website lists Goodman and Frost as the only attorneys at the firm. [http://www.goodmanfrost.com/about.html](http://www.goodmanfrost.com/about.html) (last visited July 25, 2016).

31. Upon receiving the original letter, Exhibit A, Plaintiff was confused about his legal rights under the bankruptcy discharge and sought out legal advice, expending time and money.

32. On or about May 2016, Plaintiff phoned Goodman Frost, PLLC to inform it that the debt was discharged in Plaintiff's 2010 Bankruptcy filing.

33. During the on or about May 2016, phone call a person working at Goodman Frost, PLLC, told Plaintiff that the law firm does not care about his 2010 Bankruptcy filing.

34. During the on or about May 2016, phone call a person working at Goodman Frost, PLLC, told Plaintiff that the matter was going to be elevated to one of Goodman Frost, PLLC's attorneys.

### COUNT I
### ATTEMPTING TO COLLECT A DEBT DISCHARGED IN BANKRUPTCY

35. Plaintiff incorporates paragraphs 1-34 above herein.

36. The debt Defendants attempted to collect from Plaintiff was discharged in Plaintiff's Chapter 7 Bankruptcy prior to the date of Defendants' collection attempt.

37. Goodman Frost PLLC and Frost have been previously sued for attempting to collect a debt that was discharged in bankruptcy. *Carpenter v. Monroe Fin. Recovery Group, LLC*, 119 F. Supp. 3d 623 (E.D. Mich. 2015) (Lawson, J).

38. It is believed that other persons are similarly situated to Plaintiff in that Goodman Frost have attempted to collect from them a debt that was discharged in bankruptcy.

39. As of the entry of the bankruptcy discharge, Plaintiff no longer owed the subject debt.

40. Defendants falsely represented that there was a balance owed on the subject debt, thereby falsely representing to him the legal protections he had received from his bankruptcy discharge.

41. Defendants' conduct amount to an unfair and unconscionable practice.

42. Defendants violated 15 U.S.C §§ 1692e, e(2)(A), e(5), e(10), and 15 U.S.C. § 1692f.

43. Defendants Goodman Frost's conduct violated MCL 445.252(e) and MCL 445.252(f)(ii).

## COUNT II
## NO MEANINGFUL ATTORNEY INVOLVMENT

44. Plaintiff incorporates paragraphs 1-34 above herein.

45. 15 U.S.C. § 1692e(3) prohibits, "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney."

46. 15 U.S.C. § 1692e prohibits, "deceptive, or misleading representation or means in connection with the collection of any debt."

47. 15 U.S.C. § 1692e10 prohibits, "[t]he use of any false representation . . . to collect or attempt to collect a debt."

48. On information and belief, no attorney had personally reviewed the particular circumstances of the debt that was attempted to be collected in the subject letter.

49. The letter by stating that Plaintiff is "in default of [his] Kaftan Enterprises, Inc. d/b/a Glen Cove Apartments account" and that there is an "Account Balance : $8,812.35" implies that the attorneys, Mr. Goodman and Mr.

Frost, has reached a conclusion based on their professional judgment that the debt is valid and owing, and with stating in the letter their names and State Bar of Michigan issued attorney numbers, that they had some personal involvement in the letter.

50. It is reasonable to believe after reading the subject letter that an attorney has reviewed the letter and that future legal action could occur. (Exhibit A) ("Our law firm has been retained to collect the balance owed"); *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996) ("An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking.")

51. On information and belief given the size of Goodman Frost's extensive collection efforts in the State of Michigan, which includes sending form letters on a massive scale and the filing and prosecutions of debt collection matter in state court, coupled with that only two attorney's names appear on the subject letter, that Goodman Frost have sent similar form letters to other similarly situated persons.

52. Defendants Goodman Frost violated 15 U.S.C. §§ 1692e, e(3), e(10), and MCL 445.252(e).

# COUNT III
## ATTEMPTING TO COLLECT IMPERMISSABLE AMOUNTS NOT OWED

53. Plaintiff incorporates paragraphs 1-34 above herein.

54. The subject form letter states that there is a "Current balance" of $8,812.35 on the account that Defendants were attempting to collect. (Exhibit A).

55. The "Current balance" of $8,812.35 includes an impermissible amount of money that Defendants were not entitled to attempt to collect.

56. The statement "Current balance" of $8,812.35 falsely represents to Plaintiff Defendants' legal rights to collect that amount of money from him.

57. Defendants violated 15 U.S.C §§ 1692e, e(2)(A), e(5), e(10), and 15 U.S.C. § 1692f.

58. Defendants Goodman Frost's conduct violated MCL 445.252(e) and MCL 445.252(f)(ii).

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff requests this Honorable Court to enter an order certifying that this matter may proceed as a class action and enter judgment against all Defendants in favor of Plaintiff and the certified class for:

A. Statutory and actual damages, along with costs and attorney's fees available under 15 U.S.C. § 1692k and its subsections; and

B. Statutory damages and injunctive relief available under MCL 445.257 and its subsections.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

WARNER LAW FIRM, LLC
Curtis C. Warner (P59915)
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warnerlawllc.com


John A. Evanchek (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com


## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

WARNER LAW FIRM, LLC
Curtis C. Warner (P59915)
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warnerlawllc.com

John A. Evanchek (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com